IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

BRANDON D. BOLLING,

    Petitioner,

vs.

UNITED STATES OF AMERICA,

    Respondent.

Case No. 16-cv-00055-JPG

**MEMORANDUM AND ORDER**

This matter comes before the Court on petitioner Brandon D. Bolling's Motion to Vacate, Set aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) and Assistant Federal Public Defender Melissa A. Day's Motion (Doc. 4) to Withdraw. The Government filed a response (Doc. 6) to the motion to withdraw concurring in the assessment that the petitioner is not entitled to any relief. Petitioner filed a, "Traverse response to government's motion to dismiss" which the Court will construe as a response to the motion to withdraw. For the following reasons, the Court grants the motion to withdraw and denies Bolling's § 2255motion.

1. **Background**

On December 3, 2010, Petitioner pleaded guilty to three counts of distribution of crack cocaine in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(C). *See United States v. Bolling*, Case No. 10-cr-40038 (Doc. 26). On March 11, 2011, the undersigned Judge sentenced Bolling to 235 months imprisonment on each count to run concurrently, six years supervised release, a $300.00 special assessment, and a $750.00 fine. (Doc. 32, 10-cr-40038). Bolling was determined to be a career offender under the meaning of U.S.S.G. § 4B1.1.based on prior convictions for aggravated battery (case number 04-CF-276); unlawful delivery of a controlled substance (04-

CF-507); unlawful possession with intent to deliver cannabis (05-CF-335); and domestic battery (08-CF-558). Bolling appealed the judgment and appellate counsel motioned to withdraw stating that any challenge would be frivolous. The United States Court of Appeals for the Seventh Circuit granted appellate counsel's motion to withdraw and dismissed the appeal.

It is also noted that Bolling filed a previous § 2255 motion (12-cv-01165-JPG) on November 8, 2012 and withdrew the motion on December 10, 2012. The motion was never taken under consideration by this court; therefore, the current § 2255 motion is not being considered a successive petition for the purpose of 28 U.S.C. § 2255(h).

Bolling filed this § 2255 motion on January 19, 2016. A petitioner seeking relief under § 2255 must file his motion within the one-year statute of limitations set forth in § 2255(f). Bolling asserts that his petition has been filed within one year of the date on which the right asserted was initially recognized by the Supreme Court in *Johnson v. United States*, 135 S.Ct. 2551 (2015). As such, Bolling's § 2255 motion was timely filed.

In his § 2255 motion, Bolling argues that his aggravated battery case is no longer a qualifying predicate offense for applications of the career offender enhancement pursuant to *Johnson*.

   2. Analysis

The Court must grant a § 2255 motion when a defendant's "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255. However, "[h]abeas corpus relief under 28 U.S.C. § 2255 is reserved for extraordinary situations." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996). "Relief under § 2255 is available only for errors of constitutional or jurisdictional magnitude, or where the error represents a fundamental defect which inherently results in a complete miscarriage of justice." *Kelly v. United States*, 29

F.3d 1107, 1112 (7th Cir. 1994) (quotations omitted).  It is proper to deny a § 2255 motion without an evidentiary hearing if, "the motion and the files and records of the case conclusively demonstrate that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see Sandoval v. United States*, 574 F.3d 847, 850 (7th Cir. 2009).

Assistance Federal Public Defender Melissa A. Day moves to withdraw as counsel stating that:

> Mr. Bolling argues that his aggravated battery case (04-CF-276), is no longer a qualifying predicate offense for applications of the Career offender enhancement pursuant to Johnson.  Unfortunaltely, his Career Offender status is not determined by this prior conviction.  Mr. Bolling also has two qualifying drug convictions which are predicate offenses pursuant to the Career Offender and which do not involve the residual cause struck down by the *Johnson* decision.  See PSR, pp. 7-8, para. 33-35.  As such, Mr. Bolling cannot receive any relief pursuant to *Johnson v. United State*s, 135 S.Ct. 2551 (2015).  (Doc. 4, p.2).

Besides his convictions for aggravated battery, Bolling had incurred two prior convictions unlawful delivery of a controlled substance (04-CF-507) and unlawful possession with intent to deliver cannabis (05-CF-335).  These two prior felony drug convictions were enough to make him a career offender when he committed the federal drug distributions crimes, *see* U.S.S.G. §4B1.1(a) & cmt.n.1, 4B1(2); *United States v. Black*, 636 F.3d. 893, 898 (7th Cir. 2011).  Therefore, as Counsel Day noted, Bolling's career offender status was not determined solely by his aggravated battery conviction, but included two qualifying drug convictions that were predicate offenses which do not involve the residual cause struck down by the *Johnson* decision.  Therefore, Bolling is not entitled to receive any relief pursuant to *Johnson v. United States*, 135 S.Ct. 2551 (2015) or based on any other argument presented with regard to his aggravated battery conviction as it relates to the career offender enhancement.

3

The Court has reviewed Bolling's response and finds that he offers no additional arguments or facts of errors of constitutional or jurisdictional magnitude, or where the error represents a fundamental defect which inherently results in a complete miscarriage of justice.

3. **Certificate of Appealability**

Having denied Bolling's motion, the Court must grant or deny a certificate of appealability.  *See* Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts; 28 U.S.C. § 2253(c).  Section 2253(c)(2) provides that a certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right.  Bolling has made no such showing.  Therefore, the Court denies a certificate of appealability.  Pursuant to Rule 11(a). Bolling may not appeal the denial of a certificate of appealability, but he may seek a certificate from the Court of Appeals for the Seventh Circuit.

4. **Conclusion**

Accordingly, this Court **GRANTS** Counsel Day's Motion (Doc. 4) to Withdraw and **DENIES** Bolling's § 2255 Motion (Doc. 1).  This matter is **DISMISSED** and the Court **DIRECTS** the Clerk of Court to enter judgment accordingly.  Further, the Court **DENIES** a certificate of appealability.

**IT IS SO ORDERED.**

**DATED:**  5/31/2016               *s/J. Phil Gilbert*
                                    **J. PHIL GILBERT**
                                    **DISTRICT JUDGE**